## Case No. 4,572.

### EVANS v. WEISS.

[2 Wash. C. C. 342;[1] 3 Hall, Law J. 180; 1 Robb, Pat. Cas. 10.]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. It is contended by the plaintiff, that the defendant is liable for using the plaintiff's improvement, in application to the second wheel and pair ·of stones, since the 22d of January, 1808; or, ·at all events, since the time when the defendant received notice of the plaintiff's patent; because the proviso in the act, passed on the 21st of January, 1808, "for the relief of Oliver Evans," extends only to cases of improvements erected for use, or used prior to the passage of that law, and does not protect the ·defendant from damages for using, after the issuing of the patent under this law, an improvement erected prior thereto. On the oth-·er side, it is insisted that such a construction would render this an ex post facto law, and consequently repugnant to the constitution. 'To avoid which, it should be so construed, as to connect with the use of the improvement, the erection of it subsequent to the grant of the patent.

Although the court at the last term, and up-·on ·the first argument, felt strongly inclined ·to give it the construction contended for by the defendant, yet, upon further reflection, we are satisfied that we should do a violence to the words, which no rule of construction ·would warrant. The words of the proviso ·are, "Provided that no person, who shall have ·used the said improvements, or have erected ·the same for use, before issuing said patent, shall be liable therefor:" that is, shall be liable for having erected, or for having used the improvement at any time prior to the patent. But with respect to the use of it after the issuing of the patent, no protection whatever is afforded against the claim for damages under this law.

The next inquiry is, does the general law give to the plaintiff a right of recovery, against a person who erected a machine, prior to the issuing of a patent to the first inventor of it, and who afterwards made use of the same? The act of congress of the 17th of April, 1800 [2 Stat. 37], which, as to this point, is the only law in force, declares that if any person, without permission from the inventor, shall make, devise, use, or sell the thing, whereof the exclusive right is secured to the patentee, he shall pay three times the damages sustained by the patentee, to be ascertained by a jury. Now, whatever doubt might have existed as to the meaning of the words "devise and use," in the fifth section of the act of the 21st of February, 1793 [1 Stat. 318], thus connecting the using, with the devising of the improvement; there can be none under the third section of the act of 1800, which repeals the whole of the fifth section of the old law. It is plain, that the using of an improvement invented by another, and secured by patent, is of itself an offence, no matter at what time such improvement was devised or made. Whether the word "devise," which has been a good deal criticised, is synonymous with "make," as Mr. Rawle seemed to think it is, or means to invent, a mere act of the mind, which we deem very unreasonable. or to contrive, plan, form, or design, it is un-·necessary in this case to decide, because the charge against the defendant, is the using of the plaintiff's improvement, unconnected with the making or devising it.

But it is objected to this construction, that it would render the law ex post facto in its operation, in respect to one who has erected this improvement, prior to the grant of the patent to the plaintiff. It must be admitted, that cases of great hardship may occur if, after a man shall have gone to the expense of erecting a machine, for which the inventor has not then, and never may obtain a patent, he shall be prevented from using it by the grant of a subsequent patent, and its relation back to the patentee's prior invention. But the law in this case, cannot be termed ex post facto, or even retrospective in its operation; because the general law declares, beforehand, that the right to the patent belongs ·to him who is the first inventor, even before the patent is granted; and, therefore, any person, who, knowing that another is the first inventor, yet doubting whether that other will ever apply for a patent, proceeds to construct a machine, of which it may afterwards appear he is not the first inventor, acts at his peril, and with a full knowledge of the law, that, by relation back to the first invention, a subsequent patent may cut him out of the use

of the machine thus erected. Not only may individuals be injured by a literal construction of the words of the law, but the public may suffer, if an obstinate or negligent inventor should decline obtaining a patent, and at the same time keep others at arm's length, so as to prevent them from profiting by the invention for a length of time, during which the fourteen years is not running on. But all these hardships must rest with congress to correct. It is beyond our power to apply a remedy. No such hardship exists in this case, where the defendant erected this improvement, with a knowledge not only that the plaintiff was the first inventor, but that he had absolutely obtained a patent, although it was afterwards declared invalid. Upon the point of notice, we think, that the act of 1808, being a private one, the defendant is liable only from the time he received notice of the law. Judgment for plaintiff.